CLD-028                                                                NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 22-2282

———————

ARTIS C. CARROLL, JR.,
                                                Appellant

v.

GREGORY MALLON, In His Individual and Official Capacities

————————————————————

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-22-cv-00848)
District Judge:  Honorable Mark A. Kearney

————————————————————

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
November 10, 2022
Before:  GREENAWAY, JR., MATEY, and MCKEE, Circuit Judges

(Opinion filed: January 3, 2023)

———————

OPINION*

———————

PER CURIAM

—————————————

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

In March 2022, Artis Carroll, Jr., filed a civil rights complaint against Judge Gregory Mallon of the Delaware County Court of Common Pleas. Carroll claimed that Judge Mallon violated a variety of Carroll's constitutional, statutory, and other rights when he conducted a hearing on a bench warrant related to Carroll's failure to appear for a pretrial conference hearing. Carroll claimed that, at the hearing, Judge Mallon failed to reinstate bail or grant unsecured bail as required by due process, failed to intervene in or reject the case, and improperly ordered a mental competency evaluation. According to Carroll, Judge Mallon lacked subject matter and personal jurisdiction and thus was not immune from suit. Carroll requested monetary damages, that the state court's order be set aside, and that the court refrain from taking "any action negatively without notice."

The District Court granted Carroll's motion to proceed in forma pauperis and dismissed the complaint sua sponte, concluding that Judge Mallon was protected by judicial immunity. See 28 U.S.C. § 1915(e)(2)(B)(iii) (stating that a court must dismiss a lawsuit filed by a plaintiff proceeding in forma pauperis that "seeks monetary relief against a defendant who is immune from such relief"). Carroll filed a notice of appeal requesting that the order dismissing his complaint be vacated or reversed.[1] Carroll also moves this Court for expedited review.

---

[1] Carroll moved to amend his complaint to add claims against another judge and Delaware County, Pennsylvania, and the District Court denied the motion. He also filed a motion for reconsideration of the order dismissing his complaint, which the District Court denied after Carroll filed his notice of appeal. Because Carroll has not filed a notice of appeal related to that decision or an amended notice of appeal, that decision is

2

We have jurisdiction under 28 U.S.C. § 1291.  We exercise plenary review over the District Court's sua sponte dismissal of the complaint.  See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000).  We may summarily affirm if the appeal fails to present a substantial question.  See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

A judge is immune from damages liability for all actions taken in his judicial capacity, unless such action is taken in the "clear absence of all jurisdiction."  Stump v. Sparkman, 435 U.S. 349, 356–57 (1978) (citation omitted).  Even construing the complaint liberally, Carroll failed to state a claim that Judge Mallon acted in the clear absence of all jurisdiction.[2]  As the District Court correctly determined, Carroll's allegations described Judge Mallon's judicial acts.  See Figueroa v. Blackburn, 208 F.3d 435, 443 (3d Cir. 2000) (explaining that a "judicial act" is one that is "normally performed by a judge"); 42 Pa. Cons. Stat. § 931 (2005) (setting forth the jurisdiction of Pennsylvania's courts of common pleas); Pa. R. Crim. P. 150 (providing procedures for hearings on bench warrants); Commonwealth v. Miller, 160 A. 240, 240–41 (1932) (explaining that judicial officers may exercise reasonable discretion in matters connected with fixing bail).

_____

not before us.  See Fed. R. App. P. 4(a)(4)(B)(ii).

[2] To the extent that Carroll argues that the state court lacked jurisdiction because Carroll was not actually charged with any crimes, the criminal complaint attached to his document in support of appeal, see ECF No. 18, as well as the publicly available state court docket, belie this claim.

3

Carroll also failed to state a claim for injunctive relief. Injunctive relief against judicial officers for acts or omissions taken in the officer's judicial capacity "shall not be granted" unless a declaratory decree was violated or declaratory relief was unavailable. See 42 U.S.C. § 1983; see also Azubuko v. Royal, 443 F.3d 302, 304 (3d Cir. 2006) (per curiam). Because neither exception applies, his claim for injunctive relief is barred.

Accordingly, we will affirm the judgment of the District Court.[3] See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

---

[3] Carroll's motion to expedite is denied. A party seeking to expedite an appeal must set forth an "exceptional reason that warrants expedition." 3d Cir. L.A.R. 4.1. Carroll has set forth no such exceptional reason.